UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENEZ K. PARKS,

    Petitioner,

        v.                              Case No. 17-cv-00049 - JPG

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Kenez K. Parks' Motion (Doc. 1) to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255.   For the following reasons, Mr. Parks' motion survives this threshold review and the Court orders the government to file its response.

On October 29, 2014, Kenez Parks plead guilty pursuant to a plea agreement of three counts of distribution of crack cocaine.   He was sentenced on February 25, 2015, to imprisonment for 162 on all counts to run concurrently, three years of supervised release, a fine of $150.00 and a special assessment of $300.00.   He did not file a direct appeal.

The petitioner filed a *pro se* § 2255 motion (Doc. 1) on January 17, 2017.   An individual seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).   Prisoners used to be able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence.   The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, petitioner's § 2255 motion is based upon the recent Supreme Court decision in *Mathis v. United States*, 132 S.Ct. 2243 (2016)(holding that the "application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense.")  *Id.* at 2257.   *Mathis* was decided on June 23, 2016, making the petitioner's motion timely under section (3), above.

The petitioner is claiming that he is entitled to be resentenced without a career offender enhancement based on *Mathis*.  Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has performed a preliminary review of the amended § 2255 motion and has determined that it is not plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.   The Court has identified the following claim:

1.      Whether Petitioner is entitled to collateral relief under *Mathis*.

Therefore, the Court **ORDERS** the Government to file a response to Mr. Parks' petition (Doc. 1) by **March 20, 2017.** The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply brief (no longer than 5 pages) by **April 20, 2017**.

If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:**  1/24/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**