# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENEZ K. PARKS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 3:17-cv-00049-JPG
---
Criminal Case No. 14-cr-40052-JPG

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    Petitioner Kenez K. Parks filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that the Court should not have applied the career offender enhancement to him during sentencing. (Doc. 1.) Parks bases his argument on the Supreme Court's holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which interpreted Iowa's burglary statute as having a broader element that the generic form of burglary—meaning it could not qualify as a violent felony under the Armed Career Criminal Act. The Government has made a number of arguments in opposition to Parks's motion, and the Court allowed Parks to file an oversized brief in reply to the Government's response. (Docs. 7, 14.)

    The Court must grant the § 2255 motion if Parks's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. This form of relief, however, is available "only 'in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878–79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively

1

demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Parks's § 2255 fails for a very simple reason: he did not file his motion within the one-year statute of limitations set forth in § 2255(f). Prisoners used to be able to file motions under § 2255 at any time during their sentences. In 1996, however, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence. The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Parks pled guilty to three counts of distributing crack cocaine, and the Court sentenced him to 162 months in prison on February 25, 2015. (No. 14-cr-40052-JPG, Docs. 32.) The Court entered judgment on March 5, 2015. (No. 14-cr-40052-JPG, Doc. 33.) But Parks did not file his § 2255 until nearly two years later, on January 17, 2017. Parks asserts that his petition based on *Mathis* is timely because the exception in 28 U.S.C. §§ 2244(f)(3) applies—the Supreme Court decided *Mathis* in June 2016, so Parks says his January 2017 petition is within

2

the one-year limitations period—but Parks misunderstands the scope of the *Mathis* holding. The Seventh Circuit has clearly stated that "*Mathis* interprets the statutory word 'burglary' and does not depend on or announce any novel principle of constitutional law." *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016); *see also Dawkins v. United States*, 829 F.3d 549, 550–51 (7th Cir. 2016) (explaining that *Mathis* is a case of statutory interpretation and did not announce a new rule of constitutional law). Accordingly, the exception in 28 U.S.C. § 2255(f)(3) does not apply, and the Court must dismiss Parks's motion as untimely. Because this issue is dispositive, the Court need not reach the merits of Parks's *Mathis* argument or the validity of the collateral attack waiver in Parks's plea agreement.

Having denied the petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. The petitioner has made no such showing. Therefore, the Court declines to issue a certificate of appealability. Pursuant to Rule 11(a), the petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Parks's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and **DECLINES** to issue him a certificate of appealability. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  MARCH 1, 2018**

                                                                                   **s/ *J. Phil Gilbert***
                                                                                   **J. PHIL GILBERT**
                                                                                   **DISTRICT JUDGE**